**Karim KOTB, a/k/a Karim Emad Dessouky Kotb, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 10–1783–ag.**

United States Court of Appeals, Second Circuit.

April 19, 2011.

Samy Beshay, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Allen W. Hausman, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, JOSEPH M. McLAUGHLIN, ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Karim Kotb, a native and citizen of Egypt, seeks review of an April 6, 2010, decision of the BIA affirming the

November 15, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams denying Kotb's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Karim Kotb,* No. A096 429 585 (B.I.A. Apr. 6, 2010), *aff'g* No. A096 429 585 (Immigr. Ct. N.Y. City Nov. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review "both the IJ's and the BIA's opinions 'for the sake of completeness.'" *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (per curiam) (quoting *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir. 2006)). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009).

We find no error in the agency's determination that Kotb failed to demonstrate his eligibility for withholding of removal. "In the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (per curiam). Because Kotb did not submit any evidence in support of his contention that the Egyptian government will harm him based on its alleged belief that he works for the CIA, the agency did not err in finding his claimed fear speculative and insufficient to establish his eligibility for withholding of removal.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).